## Case No. 14,173.

### TRIGG v. CONWAY et al.

#### [Hempst. 711.] [1]

Circuit Court, D. Arkansas.          April, 1855.

REVIVAL—DETINUE—COURTS—JURISDICTION—CITIZENSHIP—PRACTICE.

1. In an action of detinue the cause of action on the death of the plaintiff survives.

2. Where the jurisdiction has once attached, it is not divested by subsequent changes or events.

3. Representatives of deceased parties may be substituted although citizens of the same state.

4. Such substitution is no new proceeding, but to enable the original suit to progress.

5. The 31st section of act of 1789 [1 Stat. 90] cited—construction thereof—death and substitution of parties—jurisdiction of the court—explained in note, and divers cases there cited.

Detinue in the circuit court, before the Hon. PETER V. DANIEL, associate justice of the supreme court, the Hon. DANIEL RINGO, district judge, not sitting, having been of counsel in the case.

This was an action of detinue brought by Francis B. Trigg against James S. Conway [Case No. 14,172], subsequent to which time both parties died, and their deaths respectively were suggested and proved. After the institution of the suit, the plaintiff removed to, and became a citizen of Arkansas, and after her death John T. Trigg, also a citizen of Arkansas, took out letters of administration therein, and became her administrator; and, producing the letters, by his counsel moved to be substituted as plaintiff, and for leave to prosecute the suit, and for a sci. fa. to bring in [Elias N. Conway, executor and Mary Jane Conway, executrix] the representatives of James S. Conway, deceased, at the next term, to which motion the counsel of the defendants objected.

P. Trapnall and George A. Gallagher, for plaintiff.

S. H. Hempstead and A. Fowler, for defendants.

DANIEL, Circuit Justice. This is a case in which the cause of action survives. Dig. 98; Hatfield v. Bushnell [Case No. 6.211]. It appears that administration has been granted to John T. Trigg on the estate of Frances B. Trigg by the proper authority, and he is entitled to be substituted as plain-

1 [Reported by Samuel H. Hempstead, Esq.]

tiff, and to prosecute the suit to final judgment. This is expressly authorized by the judiciary act of 1789 (1 Stat. 90).

It is objected by the counsel of the defendant, that after the commencement of the suit, the deceased plaintiff ceased to be a citizen of Missouri, and became a citizen of Arkansas, and of which last-named state her administrator is a citizen, and here took out letters of administration, and that as the suit is now between citizens of the same state, it should be dismissed for want of jurisdiction. This objection is not maintainable, for it is undeniable that where jurisdiction has once vested, a change of residence of either of the parties will not divest it. That has frequently been decided by the supreme court of the United States. [Morgan v. Morgan] 2 Wheat. [15 U. S.] 297; [Conolly v. Taylor] 2 Pet. [27 U. S.] 564; [Mollan v. Torrance] 9 Wheat. [22 U. S.] 537; [Dunn v. Clarke] 8 Pet. [33 U. S.] 1. The death of either party, pending the suit, does not, where the cause of action survives, amount to a determination of it. The substitution of the representative of the deceased is not the commencement of a new suit, but a mere continuation of the original suit, and whether the representative belongs to the same state where the suit is pending or not, is quite immaterial. If the jurisdiction attached, as between the original parties, it still subsists. Clarke v. Mathewson, 12 Pet. [37 U. S.] 164. It is proper to substitute the administrator, and to direct a scire facias to bring in the representatives of the deceased defendant, returnable to the next term. Ordered accordingly.

NOTE. The 31st section of the judiciary act of 1789 is as follows (1 Stat. 90; Gord. Dig. 687), namely, "Where any suit shall be depending in any court of the United States, and either of the parties shall die before final judgment, the executor or administrator of such deceased party who was plaintiff, petitioner, or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action until final judgment; and the defendant or defendants are hereby obliged to answer thereto accordingly; and the court before whom such cause may be depending is hereby empowered and directed to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator, having been duly served with a scire facias from the office of the clerk of the court where such suit is depending, twenty days beforehand, shall neglect or refuse to become a party to the suit, the court may render judgment against the estate of the deceased party in the same manner as if the executor or administrator had voluntarily made himself a party to the suit. And the executor or administrator who shall become a party as aforesaid, shall, upon motion to the court where the suit is depending, be entitled to a continuance of the same until the next term of said court. And if there be two or more plaintiffs or defendants, and one or more of them shall die, if the cause of action shall survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ or action shall not be thereby abated; but such

death being suggested upon record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs against the surviving defendant or defendants."

As to construction of the section.—This statute embraces all cases of death before final judgment, and is more extensive than the 17 Car. II., 8 & 9 Wm. III. The death may happen before or after plea pleaded, before or after issue joined, before or after verdict, or before or after interlocutory judgment; and in all these cases the proceedings are to be exactly as if the executor or administrator were a voluntary party to the suit. Hatch v. Eustis [Case No. 6,207]; Green v. Watkins, 6 Wheat. [19 U. S.] 260. In real actions, the death of the ancestor without having appeared to the suit, abates the suit, and it cannot be revived and prosecuted against the heirs of the original defendant. The 31st section of the act of 1789 is clearly confined to personal actions, as the power to prosecute or defend is given to the executor or administrator of the deceased party, and not to the heir or devisee. Macker's Heirs v. Thomas, 7 Wheat. [20 U. S.] 530.

As to substitution of parties.—Unless the fact be admitted by the parties, the person applying to be substituted as representative must show himself to be such, by the production of his letters testamentary or of administration, before he can be permitted to prosecute; but if the order for his admission as a party be made, it is too late to contest the fact of his being such representative. Wilson v. Codman's Ex'r, 3 Cranch [7 U. S.] 193.

Upon the death of the plaintiff, and appearance of his executor, the defendant is not entitled to a continuance. Nothing in the act induces the opinion that any delay is to be occasioned where the executor is substituted and is ready to go to trial. But an executor made defendant is entitled to one continuance to allow him to inform himself of the proper defence. 3 Cranch [7 U. S.] 207.

As to jurisdiction.—If the jurisdiction of the court has attached, it cannot be divested by any subsequent events. If, after the commencement of the suit, the original plaintiff removes into and becomes a citizen of the same state with the adverse party, the jurisdiction over the cause is not divested by such change of domicil. Morgan's Heirs v. Morgan, 2 Wheat. [15 U. S.] 290, 297; Mollan v. Torrance. 9 Wheat. [22 U. S.] 537; Dunn v. Clarke, 8 Pet. [33 U. S.] 1; Clarke v. Mathewson, 12 Pet. [37 U. S.] 170; Hatch v. Dorr [Case No. 6,206]; Hatfield v. Bushnell [Id. 6,211].

In the section above alluded to, congress manifestly treat the revivor of the suit by or against the representative of the deceased, as a matter of right, and as a mere continuation of the original suit, without any distinction as to the citizenship of the representative, whether he belongs to the same state where the cause is depending, or to another state. Clarke v. Mathewson, 12 Pet. [37 U. S.] 172. And accordingly in the last case, a bill of revivor, being treated as the continuance of the old suit, brought by the representative, who was a citizen of the same state with the defendants, was allowed, and the jurisdiction of the court sustained, and the decree of dismissal [Case No. 2,857] reversed. As an original suit, it could not be maintained ([Chappedelaine v. Dechenaux] 4 Cranch [8 U. S.] 306; [Childress v. Emory] 8 Wheat. [21 U. S.] 642; Dodge v. Perkins [Case No. 3,954]; [Clarke v. Mathewson] 12 Pet. [37 U. S.] 170), because the parties to the record would be citizens of the same state. The court has jurisdiction, because it had it originally, and because the substituted party comes in to represent the deceased, and to prosecute a pending suit, and not to begin a new one. In Dunn v. Clarke, 8 Pet. [33 U. S.] 1, an injunction bill was sustained, although the parties were citizens of the same state, because the original judgment under which the defendant in the injunction bill made title, as the representative in the realty of the deceased, had been obtained by a citizen of another state in the same circuit court. And so in Hatch v. Dorr [Case No. 6,206], it is held, that as a creditors' bill is merely the continuation of the suit at law, and intended to realize the fruits of the judgment, and cannot be considered as an original proceeding, the jurisdiction may be maintained, although the complainant has become a citizen of the same state with the defendant, where the judgment was rendered. It was said, in Green v. Watkins, 6 Wheat. [19 U. S.] 260, that the death of the party neither raises any new right or cause of action, nor produces any change in the condition of the cause or in the rights of the parties. If these remain unaffected, it would seem to follow that the jurisdiction is likewise unaffected, irrespective of the citizenship of the personal representative.

The administrator, if admitted, is not to be considered in the light of an original party. The action was commenced and regularly pending in the lifetime of his intestate, who was the original party; and he comes in, not in his own right, but merely as the representative of such original party. It is in this special character, and under these special circumstances, that he appears and prosecutes. Hatfield v. Bushnell [Case No. 6,211].

An executor or administrator may bring a scire facias in the circuit court to revive a judgment recovered therein in a suit brought by the testator or intestate, or to have execution against the bail in the suit, or if no judgment be recovered in the suit so brought, but it be still pending, may become a party to and prosecute the same, although he may be a citizen of the same state with the adverse party, and for that cause incompetent to bring in such court an original suit against him.